IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 22-CR-244 (TNM) |
| v. ) | Hon. Trevor N. McFadden |
| ) | |
| HATCHET M. SPEED, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING DEFENDANT'S PERSONAL IDEOLOGY
AND ONGOING CRIMINAL PROCEEDINGS**

Comes now, the defendant, Hatchet M. Speed, by counsel Courtney Dixon and Brooke Rupert, and pursuant to Rules 402 and 404(b) of the Federal Rules of Evidence, hereby moves the Court to exclude evidence that is irrelevant. Specifically, Mr. Speed moves to exclude (1) evidence pertaining to his recent mistrial in the Eastern District of Virginia (Criminal No. 1:22-cr-165, herein the "EDVA Case") and the upcoming retrial scheduled to begin on January 17, 2023; and (2) any evidence of his inflammatory rhetoric, including that he may have harbored any racist or anti-Semitic beliefs or that he made any racist or anti-Semitic statements to an undercover FBI agent (the "UCE").

**SUMMARY OF ARGUMENT**

The government may intend to introduce evidence related to Mr. Speed's ongoing proceedings in the EDVA Case. Although Mr. Speed's trial ended in a mistrial on December 16, 2022, the retrial is scheduled for January 17, 2023. Under

Rule 404(b), evidence pertaining to the EDVA Case may only be introduced for limited purposes, including showing a defendants' motive or intent. Because evidence regarding the EDVA Case does not fall within one of the limited exceptions to Fed. R. Evid. 404(b)(1), the evidence is inadmissible.

The government may also intend to introduce extra irrelevant evidence stemming from a series of taped conversations between Mr. Speed and the UCE, which would introduce evidence of Mr. Speed's racist and anti-Semitic language, including, but not limited to, his characterization of the Anti-Defamation League and George Soros as "enemies," his comments on Adolph Hitler and the Nazis more generally, his opinions regarding Jewish people "controlling" Hollywood, the media, and other influential positions, and his opinions regarding Antifa and Black Lives Matter. This evidence, hereinafter referred to as "Personal Ideology Evidence" is irrelevant and inadmissible under Fed. R. Evid. 402. For purposes of this motion, the specific Personal Ideology Evidence objected to by the defense is as follows:

- Any testimony or documents relating to hateful and inflammatory comments made by Mr. Speed during the March 2022 and April 2022 meetings with the UCE.
- Any testimony regarding hateful or inflammatory comments that Mr. Speed may have made to co-workers including, but not limited to, Richard Ngo, who testified on behalf of the government in Mr. Speed's recent trial in the Eastern District of Virginia.

**ARGUMENT**

The government may intend to introduce the Personal Ideology Evidence, which would serve no relevant purpose. The Court should enter an order precluding the government from introducing such evidence for the following reasons:

### I. Evidence Regarding the EDVA Case Is Irrelevant.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). It is axiomatic that "a defendant must be tried for what he did, not for who he is," *United States v. Linares*, 367 F.3d 941, 945 (D.C. Cir. 2004). "A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity [to commit crime]? If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000).

Here, the answer is no; the other alleged crime is not relevant to crimes alleged in this case. The EDVA Case, which is still ongoing and awaiting retrial in January 2023, concerns the possession of three unregistered devices that the government claims are silencers. The entirety of this case occurred after January 6, 2021, including the purchase, the taped conversations with the UCE, the arrest, and the first trial. It is thus irrelevant to the crimes alleged and to demonstrating Mr. Speed's knowledge, motive, or opportunity to commit the crimes alleged. Accordingly, the

Court should enter an order precluding the government from introducing any evidence related to the EDVA Case.

## II. The Personal Ideology Evidence Is Irrelevant.

Under Rule 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "For evidence to be relevant, it must be sufficiently related to the charged offense." *United States v. McBride,* 676 F.3d 385, 397 (4th Cir. 2012) (citation and internal quotation marks omitted).

Here, the Personal Ideology Evidence does not support any of the elements necessary to establish a violation of the crimes alleged. Because the government cannot explain how the Personal Ideology Information is related to the charged offense, the evidence should be excluded.

## CONCLUSION

For all the foregoing reasons, any and all evidence regarding (1) the EDVA Case and (2) the Personal Ideology Evidence should be excluded (or, in the alternative, appropriately redacted) as irrelevant under Rules 402 and 404(b).

Respectfully Submitted,

/s/_____
Courtney S. Dixon, Bar # 1766415
Assistant Federal Public Defender
Counsel for Hatchett Speed
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0879 (O)
(703) 600-0880 (F)
Courtney_Dixon@fd.org

4

Brooke S. Rupert, VA Bar # 79729<br>
Assistant Federal Public Defender<br>
Counsel for Hatchett Speed<br>
1650 King Street, Suite 500<br>
Alexandria, VA 22314<br>
(703) 600-0800 (O)<br>
(703) 600-0880 (F)<br>
Brooke_Rupert@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of December, 2022, the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

AUSA Alexis Loeb

                                                By: _____/s/ Courtney S. Dixon_____
                                                      Courtney S. Dixon
                                                      Assistant Federal Public Defender