UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HATCHET SPEED | Case No. 1:22CR244(TNM) |

**OPPOSITION TO UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE IMPROPER DEFENSE ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

Hatchet Speed, through counsel, respectfully opposes the United States' Motion *in Limine*, ECF. No. 32, in which the government moves to preclude Mr. Speed from (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence concerning any claim that by failing to act, law enforcement made the defendant's entry into the United States Capitol or its grounds lawful; or (3) arguing or presenting evidence of inaction by law enforcement unless the defendant specifically observed or was otherwise aware of such conduct. ECF. No. 32 at 1.

This case will present narrow issues. First, as to the newly filed obstruction charge: (1) whether Mr. Speed attempted to or did obstruct or impede an official proceeding; (2) whether Mr. Speed intended to obstruct or impede an official proceeding; and (3) whether Mr. Speed acted knowingly, with awareness that the natural and probable effect that his conduct would be to obstruct or impede an official proceeding. As to the remaining counts, (1) whether Mr. Speed *knowingly* entered a restricted building, (2) whether he did so with the intent to impede and disrupt the

orderly conduct of government business, and (3) whether he, in fact, engaged in disorderly conduct. Mr. Speed does not intend to claim entrapment by estoppel nor does he intend to argue that law enforcement gave him lawful authority to enter and remain in the building. However, he reserves the right to introduce evidence as to his intent.

Indeed, it is undisputed that to convict Mr. Speed of the obstruction charge the government must prove that he intended to obstruct or impede the official proceeding and that he was aware that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding. *See United States v. Hale-Cusanelli*, 1:21CR37 (TNM), Jury Instructions, ECF. No. 84 at 24. It is also undisputed that the government must prove that Mr. Speed "knowingly" entered a restricted building and that he did so with the intent to disrupt the orderly conduct of government business.[1] *See United States v. Hale-Cusanelli*, 1:21CR37 (TNM), Jury Instructions, ECF. No. 84 at 31. Therefore, any evidence that relates to Mr. Speed's subjective intent—that is whether he knew he did not have lawful authority to enter, whether he specifically intended to disrupt government business, and whether he specifically intended to obstruct or impede an official proceeding—is relevant and admissible at trial.

---

[1] Though not specified in the Indictment, based on the record and other January 6 cases, the defense assumes the "government business" is the certification of the election.

| | |
|---|---|
| Date: January 17, 2023 | Respectfully submitted, |

                                                  GEREMY KAMENS
                                                  FEDERAL PUBLIC DEFENDER
                                                  EASTERN DISTRICT OF VIRGINIA

                                                  _____/s/_____
                                                  COURTNEY DIXON
                                                  Assistant Federal Public Defender
                                                  BROOKE S RUPERT
                                                  Assistant Federal Public Defender
                                                  Office of the Federal Public Defender
                                                  1650 King Street, Suite 500
                                                  Alexandria, VA  22314
                                                  (703) 600-0849