IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 22-CR-244 |
| v. ) | Hon. Trevor N. McFadden |
| ) | |
| HATCHET M. SPEED, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

## MOTION TO CONTINUE TRIAL DATE

COMES NOW the defendant, Hatchet M. Speed, by counsel, and hereby moves this court to continue the trial in this case for 30 days. In support of this motion, Mr. Speed states the following:

### Procedural Background

1. On June 21, 2022, a complaint was filed charging Hatchet M. Speed with four misdemeanor offenses: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* ECF No. 1. An arrest warrant was issued that same day. ECF No. 5.

2. On June 22, 2022, the arrest warrant in this matter was executed and Mr. Speed was detained. *Id*.

3. On June 23, 2022, Mr. Speed appeared before Magistrate Judge Zia M. Faruqui for an initial appearance, whereinafter Mr. Speed was released to the High Intensity Supervision Program and ordered to remain on home detention for the pendency of the case, as well as other conditions. *See* ECF Docket Entry, Jun. 23, 2022.

4. On July 18, 2022, a Criminal Information was filed reflecting the same offenses as charged in the complaint. *See* ECF No. 20.

5. On August 22, 2022, Mr. Speed appeared virtually for an arraignment and status conference. *See* ECF Docket Entry, Aug. 22, 2022. At that hearing, Mr. Speed was arraigned on the Information, speedy trial was waived until September 30, 2022, the government's plea offer with a September 6, 2022 deadline was put on the record, and the Court ordered that all defendant-specific discovery be turned over within one week. *See generally* ECF No. 25.

6. On September 6, 2022, in the midst of plea negotiations, an Indictment was filed against Mr. Speed in the Eastern District of Virginia, charging him with three counts of Possession of an Unregistered Firearm: to wit, a silencer, in violation of Title 26, United States Code, Sections §§ 5841, 5861(d), and 5871. *See United States v. Hatchet Speed*, 1:22-CR-265, ECF No. 1.

7. On September 30, 2022, the parties informed the Court that a plea agreement had not been reached and the case was set for a trial date on February 14, 2022, which was later changed to February 6, 2022.[1] Mr. Speed requested a bench trial.

8. On December 12, 2022, Mr. Speed began his jury trial in the Eastern District of Virginia. *See United States v. Hatchet Speed*, 1:22-CR-265, ECF No. 87. The trial resulted in a hung jury and a mistrial was declared on Friday, December 16, 2022 at 5:31 PM. Id. at ECF No. 93. Assistant United States Attorney, Alexis Loeb, was aware of the posture of the Virginia case, as she was present for part of the jury trial.

9. On the date of the mistrial, the Virginia Court scheduled the retrial of the matter for January 17, 2023, over the defense's objection. *See id.*; *See id.* at ECF No. 99.

10. On January 4, 2023, 19 days after Mr. Speed's mistrial in Virginia, Ms. Loeb sent an email to defense counsel indicating that the government planned to seek an Indictment against Mr. Speed in this matter and would "likely" do so on January 11, 2023.

11. On January 11, 2023, a Superseding Indictment, was filed in this case, just 26 days before Mr. Speed's trial date, charging him with a violation of 18 U.S.C. 1512(c)(2). *See* ECF No. 38.

12. On January 18, 2023, Mr. Speed's retrial in the Eastern District of Virginia concluded and he was found guilty of all three counts charged in the Indictment. *See United States v. Hatchet Speed*, 1:22-CR-265, ECF No. 140. Though Mr. Speed had been compliant on home detention since he was

---

[1] The trial date was later rescheduled by the Court to February 6, 2023. *See* ECF Docket Entry, Nov. 3, 2022.

     released in this matter on June 23, 2022 and permitted to travel out of state on two occasions, the government requested detention pending sentence and Mr. Speed was remanded to the custody of the United States Marshal Service. *Id*.

13. Following Mr. Speed's change in bail status, defense counsel was able to visit Mr. Speed in person at the Alexandria Detention Center on January 24, 2023 to discuss issues relating to this matter. After consulting with Mr. Speed, the decision was made to request a continuance of Mr. Speed's trial date.

14. Defense counsel shared this decision with Ms. Loeb and Mr. McWaters the following day, January 25, 2023.

15. The defense now requests to continue the trial date for 30 days.

## **MEMORANDUM**

Mr. Speed's trial date should be continued to allow for defense counsel to adequately prepare for trial. The Speedy Trial Act allows for periods of delay where the ends of justice are served by taking such action. 18 U.S.C. § 3161(h)(7)(A). The filing of a superseding indictment is a circumstance that the Court should take into consideration when deciding whether to grant a defendant's continuance request. Accordingly, "[a] continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense." *United States v. Rojas–Contreras*, 474 U.S. 231, 236 (1985) (Blackmun, concurring). In fact, the Eighth Circuit has held that "[a]s a general rule, motions to continue following the return of a superseding indictment are granted if the defendant is 'prejudiced by a lack of time to prepare to meet the new charges.'" *United States v. Wadlington*, 233 F.3d 1067, 1081 (8th Cir. 2000) (*citing United States v. Vaughn*, 111 F.3d 610, 613 (8th Cir.1997)).

As of the filing of the Superseding Indictment, Mr. Speed's case was pending for 202 days. Yet, the government waited until after a mistrial was declared in a related matter in Virginia, and 26 days before trial to file a superseding indictment. While the government is legally permitted to take such an action, Mr. Speed and his defense team need adequate time to consider how this new charge affects the previously considered defense strategy. *See United States v. Guzman*, 754 F.2d 482, 486 (2d Cir. 1985) (Court held that District Court abused discretion in not granting continuance after superseding indictment because Court did not consider the effect second indictment might have on defense theories). Instead of facing misdemeanors with a maximum penalty of one year in jail, Mr. Speed is now facing a felony offense that can carry up to 20 years in federal prison. Furthermore, there is currently ongoing litigation at the Circuit Court for the District of Columbia directly challenging the new offense that the government has added. *See United States v. Joseph Fischer*, 1:22-CR-3038. Defense counsel needs time to file the appropriate motions, do the appropriate research, and develop an appropriate defense theory to defend Mr. Speed against the added charge.

## CONCLUSION

For the foregoing reasons, the motion to continue the trial date should be granted.

Respectfully Submitted,

**HATCHET SPEED**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia


by: \_\_\_/s/_____
Courtney Dixon, #1766415
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
courtney_dixon@fd.org

Brooke Rupert
VA Bar No. 79729
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
brooke_rupert@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2023, the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alexis Loeb, AUSA
Kyle McWaters, AUSA

By: _____/s/_____
Courtney S. Dixon
Counsel for Hatchet Speed