```
1                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
2                       ALEXANDRIA DIVISION

3

4    UNITED STATES OF AMERICA,        :
                                      :
5                  Plaintiff,         :   Criminal Action
                                      :   No. 1:22-cr-165
6            v.                       :
                                      :
7    HATCHET SPEED,                   :   December 16, 2022
                                      :   9:01 a.m.
8                                     :
                   Defendant.         :   VOLUME 5
9                                     :
     .............................    :
10

11         TRANSCRIPT OF JURY TRIAL PROCEEDINGS
         BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,
12      UNITED STATES DISTRICT COURT JUDGE, AND A JURY

13   APPEARANCES:

14    For the United States:     UNITED STATES ATTORNEY'S OFFICE
                                 Thomas Traxler, AUSA
15                               Amanda Lowe, AUSA
                                 2100 Jamieson Avenue
16                               Alexandria, VA 22314

17    For the Defendant:         OFFICE OF THE FEDERAL PUBLIC
                                 DEFENDER
18                               Courtney Dixon, AFPD
                                 Brooke Rupert, AFPD
19                               Nicholas McGuire, Esq.
                                 1650 King Street, Suite 500
20                               Alexandria, VA 22314

21    Court Reporter:            Diane Salters, B.S., CSR, RPR, RCR
                                 Official Court Reporter
22                               United States District Court
                                 401 Courthouse Square
23                               Alexandria, VA 22314
                                 Email: Dianesalters.edva@gmail.com
24                               Telephone:  (301) 338-8033

25   Proceedings reported by machine shorthand.  Transcript produced by
     computer-aided transcription.
```

1    Friday evening, and let the jury do its best to see if it can
2    resolve this case, and we'll just have to wait to see what they
3    say.  There's no point in speculating.
4              Is there anything else that counsel need to address?
5              MR. TRAXLER:  Not at this time, Your Honor.
6              MS. DIXON:  No, Your Honor.
7              THE COURT:  Thank you very much.  Court will be in
8    recess.
9              (Thereupon, a recess in the proceedings occurred from
10   4:51 p.m. until 5:26 p.m.)
11             THE COURT:  Well, we received a note indicating that
12   they considered the instruction and believe that no unanimous
13   verdict will be reached, and they're asking to leave.
14             They also noted the one juror who had already submitted
15   a note indicating that she has vacation plans next week, and
16   asked whether or not, if they are continuing to deliberate, they
17   could reconvene after she returns.
18             So I'll hear what each side has to say about the nature
19   of this note and where we are now.
20             MR. TRAXLER:  Your Honor, from the government's
21   standpoint, it's not clear that continued deliberation by the
22   jury would result in a verdict.  It was the third note that the
23   jury has given.  They have been pretty emphatic that they can't
24   reach a verdict.  I do worry, somewhat, that the jury is
25   currently -- just got the case yesterday, and I do worry whether

1   the one juror's being out next week is influencing them to try to
2   rush things right now.  But just standing here right now, I'm not
3   convinced that having them go forward, it would change the matter
4   if we brought them back on Monday.
5           THE COURT:  Would the government be willing to go
6   forward on Monday with 11 jurors?
7           MR. TRAXLER:  We would, Your Honor.
8           THE COURT:  Thank you.
9           MS. DIXON:  And, Your Honor, I think that this note
10  comes -- I believe the jury retired after the *Allen* charge at
11  4:45 p.m.  We received a call at 5:19 p.m. that this note came
12  in, so they spent at least another 35 minutes discussing the
13  issue.  It is very clear through this note that they are saying
14  that the majority has reconsidered their position, the minority
15  has reconsidered their position, and they do not believe that
16  they will be able to reach a unanimous decision.  And we do not
17  consent, under the circumstances, to proceed with 11 jurors, so
18  we would renew our motion for a mistrial.
19          THE COURT:  Thank you.  Well, I think that this note is
20  not ambiguous.  I do think the jury has considered the *Allen*
21  charge and is unable to reach a unanimous verdict.  I don't think
22  there's any wiggle room here, and I think the second paragraph
23  referring to the travel schedule of the other juror does not
24  suggest that continued deliberations in a week would change the
25  jury's mind.

1           There is authority for the Court to require the jury to
2  come back, and even over the objection of the defense, to
3  deliberate with 11 people, but I don't think that's appropriate
4  in this case in light of the defense's objection.  And although I
5  think we all would have preferred to have this matter resolved, I
6  think, in the interest of justice, it is appropriate to declare a
7  mistrial and then to discuss the next steps and having this
8  matter set down for trial again.
9           And so why don't I bring the jury in, excuse them from
10 duty, allow them to leave, and then we will remain to discuss
11 whether to set a new trial date or whether to set a status date
12 and where to go from here.
13          Any objection?
14          MR. TRAXLER:  No objection.
15          MS. DIXON:  No objection, Your Honor.
16          THE COURT:  Thank you.  You may bring in the jury.
17          (Jury in, 5:29 p.m.)
18          THE COURT:  Ladies and gentlemen of the jury, we've
19 received your note, and, again, we thank you for your efforts.
20 It appears that you took to heart the instruction that I gave and
21 you sought to reconsider your positions, but have concluded that
22 you are at a point at which you are truly deadlocked and will not
23 be able to reach a unanimous decision.
24          I am aware that one juror had travel plans for next
25 week, and, of course, when we set this matter for trial, we did

1    not anticipate that it would spill over to next week.
2              I am declaring a mistrial in this case, and you are
3    released from jury service.  I want to thank you for your service
4    to the Court.  I know that you all devoted valuable time and did
5    your best to follow the Court's instructions.  I'm sorry we could
6    not find a way to resolve the case finally, but your duty is done
7    and you are free to go.  Thank you.
8              (Jury out, 5:31 p.m.)
9              THE COURT:  I'll hear from the parties with regard to
10   when you would like to have this matter set down and how you
11   would like to proceed.
12             Mr. Traxler?
13             MR. TRAXLER:  Your Honor, the government would like to
14   proceed expeditiously in taking this case to a retrial.  I was
15   going to request the week of January 16th, a month from now.  And
16   what I would note, Your Honor, is that this case was already set
17   outside of the Speedy Trial Act originally when we had the
18   arraignment in September.  The speedy trial deadline was on or
19   about November 16th, and the defendant waived the speedy trial so
20   that the trial could be set on December 12th, so about a month
21   after the Speedy Trial Act.  But the public does have the right
22   to a speedy trial here.  As we all know, the Speedy Trial Act
23   protects not just, you know, the defendant, but also the public
24   has an interest in the speedy trial.  So we believe that we
25   should try to get this case retried expeditiously.

Case 1:22-cr-00244-TNM   Document 50-1   Filed 02/14/23   Page 6 of 12

30

*Proceedings*

1    The defendant does have a bench trial, to my
2 understanding, in D.C. on the charges related to January 6th
3 beginning on February 6th that, I believe, my understanding, it
4 would last one to two days.  Doing a jury trial on January 16th
5 would provide counsel with a couple of weeks after that jury
6 trial to then prepare for the trial in D.C.  And so the
7 government -- that's the government's suggestion, is that we set
8 a jury trial for that week, Your Honor.
9              THE COURT:  Thank you.  Ms. Dixon?
10             MS. DIXON:  Yes, Your Honor.  We would request that if
11 the government insists on retrying this case, that it be after
12 Mr. Speed's next trial.  For one, it is currently December 16th.
13 Ms. Rupert has a trial in the next couple of weeks that is
14 already set.
15             THE COURT:  What date is that trial?
16             MS. RUPERT:  January 5th.
17             MS. DIXON:  Obviously, the holidays are coming up and
18 travel and things like that, and we certainly did not anticipate
19 this case having to go on beyond this week.
20             We do need time to prepare, and it is our -- we have
21 not been able to focus on that case, as we have been diligently,
22 as the Court knows, litigating all of the issues in this case,
23 and we need time to devote to Mr. Speed's other case, which was
24 set for trial well before this case was even set for trial.
25             So our request would be to have the retrial in this

*Diane Salters, B.S., CSR, RPR, RCR*
Official Court Reporter

case after we have resolved his other case in Washington, D.C. That will allow us to actually do appropriate preparation for his other trial and give us an opportunity to reset and get re-prepared for this trial.

While his trial in D.C. is set to be two days, I think we have all seen that things don't always go as planned. I do not know anything about Judge McFadden's schedule. We've already been rescheduled once, so I do want to put that on the Court's radar, and we would ask for a date after that trial date.

THE COURT: The fact that it's been rescheduled once militates in favor of retrying this case faster; in other words, I would not want to put off retrying this case and then learn that Judge McFadden had put off your February case, and then that would simply create more delays. And it is a bench trial on, I believe, petty offenses or misdemeanors, and so I would think that it would be manageable to be able to prepare for that.

I mean, you are ready for this trial. You've just tried it. Do you want to move it up faster than January 16th?

MS. DIXON: No. We don't think that trying this case in a month is what's best for our client and for our ability to defend him appropriately. There are a lot --

THE COURT: I hear those words, but, honestly, I don't know what you're saying. If we could do it on Monday, I would do it, because the parties are ready. We know what this case is. I don't understand what the request for more time would involve.

1  MS. DIXON: Requesting more time is giving us an
2  opportunity to address and deal with everything that came up in
3  this case. We did not expect to retry this case. Our hope was
4  that this case would have resolved today.
5  So there are things that have arisen over the course of
6  trial. And, again, we have other matters that require our
7  attention. We are not fungible attorneys. We need to be able to
8  maintain our team and have both of Mr. Speed's attorneys be
9  prepared, so we are making a request that this retrial be after
10  his February 6th case.
11  THE COURT: Ms. Rupert, what is the trial that you
12  have, and how long do you anticipate that trial will last?
13  MS. RUPERT: Your Honor, it is a jury trial in an
14  illegal reentry case. I expect it will last two days, and it's
15  currently set for January 5th in front of Judge Alston.
16  THE COURT: And you expect it to go to trial?
17  MS. RUPERT: At this point I do, I do. When I set the
18  date, I did not expect it to go to trial, but at this point, I
19  do.
20  THE COURT: And what is the date of Judge McFadden's
21  trial?
22  MS. RUPERT: February 6th.
23  THE COURT: Well, January 16th seems to be a very
24  appropriate date to me. It's available to the Court. It's
25  available to the government. It's three weeks before the bench

1   trial in D.C.  And I'm sympathetic to everyone having enough time
2   and being able to prepare, but I do feel strongly that there's a
3   public interest in having a prompt retrial in addition to making
4   sure that both parties are well prepared.
5         And I appreciate that both sides have learned things
6   from this trial that I'm sure may affect their preparation, but
7   everyone is in a very different position in a case being tried
8   for the first time.  So, you know, I'm struggling with the
9   justifications given.
10        MS. DIXON:  So why don't I point out that the 16th is a
11  holiday, which is probably why it's clear for everybody's
12  schedule.  But I think -- obviously, we have work to do on this
13  case based on things that happened, but I think one of our larger
14  concerns is making sure that we have enough time to prepare for
15  Mr. Speed's other case.
16        As you -- I don't know if the Court is aware, the
17  amount of discovery received in these Capitol cases is extensive;
18  and while a portion of it applies to this case -- and we are well
19  versed on that information -- I think there is still a lot of
20  work to do with the other voluminous discovery that we've
21  received in that case.  So I would just renew my request.
22        I certainly understand the public, but I don't believe
23  the public's rights override Mr. Speed's, and so I would just
24  note that for the Court.
25        THE COURT:  Well, what about February 13th?  Is there

1  any reason why we can't have the trial February 13th following
2  Judge McFadden's trial?
3          MR. TRAXLER:  Not from the government's perspective,
4  Your Honor.
5          MS. DIXON:  Obviously, we'll note that that's one week
6  later from the trial; and in a perfect world, that trial would be
7  done in two days, by the 7th.  It could be that it lasts a bit
8  longer.  So if we could get a couple of more days, that would be
9  ideal, but if that's the only availability to the Court, then we
10 will accept that.
11         THE COURT:  Well, the other option is January 16th --
12 or 17th, given the holiday.
13         (Counsel confer.)
14         MS. DIXON:  Your Honor, after further consultation, we
15 will take the January 17th date that the Court has offered.
16         THE COURT:  Okay.  So we'll set this matter for trial
17 on the 17th, and, perhaps, it would be beneficial to set a status
18 conference on January 5th at 10:00 a.m. on my regular criminal
19 docket just to address any outstanding issues that we may want to
20 address.  And I will have to look at the original trial order
21 and, perhaps, issue an amended trial order.  I'm not going to be
22 able to do that until after the holidays, and so I want to make
23 sure that you-all aren't surprised by anything.  And so if we
24 have a status conference on the 5th, we can address any
25 outstanding deadlines if whatever I enter in an amended trial

1  order is difficult to adhere to.
2          I'm sympathetic to the challenges this poses for
3  counsel on both sides.  The good news is you both are far more
4  prepared for a retrial than you would be for an initial trial,
5  so, hopefully, there won't be a tremendous amount of new factual
6  or legal issues to contend with.  But to the extent there is on
7  either side, I want to make sure we have a chance to air those
8  out and decide them prior to the 16th.
9          MS. DIXON:  The 5th will be the date that Ms. Rupert is
10 in trial, and I will be in a training in New York.
11         THE COURT:  That's fine.  We can find another date.
12 Chambers will contact you and we'll set a date.  I know
13 everyone's holiday schedules are different, so I don't want to
14 set a date when some people are traveling, so I was thinking that
15 first week in January might work well, but we can find a time for
16 a status conference.
17         Is there anything else we need to address before we
18 recess court?
19         MR. TRAXLER:  Nothing from the government, Your Honor.
20 Thank you.
21         MS. DIXON:  Nothing from the defense.
22         THE COURT:  Mr. Speed, you remain on the bond that had
23 previously been imposed, and, of course, you're also under
24 supervision in the District of Columbia.  You must abide by all
25 the terms and conditions of your supervision and return for trial

1  on January 17th and return for the status conference when that is
2  set, and your lawyers will tell you when that will be.
3        Court will be in recess.
4        (Whereupon, the proceedings concluded at 5:44 p.m.)

6                *    *    *    *    *

8                  CERTIFICATE OF REPORTER
9        I, Diane Salters, hereby certify that the foregoing
10 transcript is a true and accurate record of the stenographic
11 proceedings in this matter.

13                                    /s/ Diane Salters
                                      _____
14
                                      Diane Salters, CSR, RCR, RPR
15                                    Official Court Reporter

*Diane Salters, B.S., CSR, RPR, RCR*
Official Court Reporter