IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 1:22-cr-244 (TNM) |
| ) | |
| **HATCHET SPEED,** ) | |
| **Defendant.** ) | |
| _____ ) | |

## REPLY BRIEF IN SUPPORT OF MR. SPEED'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

In its response, the government concedes that judges of this Court have reached opposite conclusions when considering 18 § U.S.C. 1512(c)(2) in cases involving January 6, 2021. Gov't Resp. at 6. Indeed, the government spills much ink (Gov't Resp. at 6-18) debating the merits of Judge Nichols' legal conclusions in *Miller*. *United States v. Miller*, 589 F. Supp. 3d 60 (D.D.C.), *reconsideration denied*, 605 F. Supp. 3d 63, 78 (D.D.C. 2022).

Although Mr. Speed maintains his arguments (Mot. to Dismiss at 2-7) that the traditional tools of statutory construction render the alleged conduct insufficient under § 1512(c)(2), at the very least, the statute's multiple plausible interpretations highlight its ambiguity and the rule of lenity's applicability. *See Miller*, 589 F. Supp. 3d at 78 ("At the very least, the Court is left with a serious ambiguity in a criminal statute.")

## ARGUMENT

This Court should invoke the rule that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Yates v. United States*, 574 U.S. 528, 547-48 (2015) (quoting *Cleveland v. United States*, 531 U.S. 12, 25 (2000)). Courts have "traditionally exercised restraint in assessing the reach of a federal criminal statute," *United States v. Aguilar*, 515 U.S. 593, 600 (1995), and have "construe[d] penal laws strictly and resolve[d] ambiguities in favor of the defendant." *United States v. Nasir*, 17 F.4th 472, 473 (Bibas, J., concurring) (citing *Liparota v. United States*, 471 U.S. 419, 427). Applying these principles here "gives citizens fair warning of what conduct is illegal, ensuring that [an] ambiguous statute[ ] do[es] not reach beyond [its] clear scope." *Nasir*, 17 F.4th at 473 (Bibas, J., concurring). And it makes sure that "the power of punishment is vested in the legislative, not the judicial department." *Id.* (citations omitted); *United States v. Bass*, 404 U.S. 336, 348 (1971).

Thus, as explained in Mr. Speed's Motion to Dismiss, the Court should adhere to the conclusion reached by Judge Nichols in *Miller* and by Attorney General Barr in the 2018 Barr Memo[1] and conclude that § 1512(c)(2) requires a defendant to have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.

Because Mr. Speed is not alleged to have taken such action, the Indictment fails to allege a violation of 18 § U.S.C. 1512(c)(2).

---

[1] Available at [William Barr Senate Questionnaire Attachment 12(c).pdf (documentcloud.org)](#) (last visited Jan. 25, 2023). *See* Mot. to Dismiss at 3; *Begay v. United States*, 553 U.S. 137 (2008); *Yates v. United States*, 574 U.S. 528 (2015).

## CONCLUSION

For all the above stated reasons, Mr. Speed respectfully moves this Court to dismiss Count One of the Superseding Indictment.

Dated: February 24, 2023.

                                                Respectfully Submitted,

                                                /s/ Courtney Dixon
Courtney Dixon, #1766415
Brooke S. Rupert, VA Bar 79729
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Courtney_Dixon@fd.org
Brooke_Rupert@fd.org