UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Action |
| | ) No. 22-00244 |
| Plaintiff, | ) |
| vs. | ) |
| HATCHET SPEED, | ) |
| Defendant. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255, DUE TO SUPREME COURT'S RULING IN FISCHER V. UNITED STATES**

COMES NOW the Defendant, Hatchet Speed, by and through his Counsel Roger Roots and John Pierce, with this Motion to vacate Speed's 4-year prison sentence in this matter. Speed is presently incarcerated and currently also serving another, consecutive,[1] (36-month) sentence in another case. (Speed is

---

[1] The word consecutive may not be appropriate. Speed's other, 3-year, sentence is being served pursuant to convictions in the Eastern District of Virgia for possession of three firearm silencers. Although Speed can be said to be serving a total of seven years, counsel is unaware of whether one sentence is legally designated to be served first. Counsel understands that Speed's 3-year sentence in the E.D.V.A. case was rendered first, and therefore Speed may be technically serving the 3-year sentence at present. Speed has good, potentially-winning issues on appeal from the E.D.V.A. case, presently before the U.S. 4th Circuit.

approximately one-and-one-half years into his combined-total seven-year prison sentence.)

Counsel has reached out to the United States to see if they oppose this motion. However; as of July 29 at 11:00 E.S.T., we have not heard back.

Speed is presently appealing his convictions in this case as well as Speed's E.D.V.A. case. However, in the wake of *Fischer*, this appeal must soon become an appeal of only Speed's four misdemeanor convictions.

Mr. Speed is one of at least two dozen, and perhaps several hundred, persons whose convictions of violating 18 U.S.C. § 1512(c)(2) have been effectively nullified, at least in principle, by the Supreme Court's decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024).

Counsel has reached out to the United States via email regarding dismissing or vacating the 1512 convictions in counsels' eight cases involving the statute. In each case, the United States has communicated its intent to wait for "guidance" from either DOJ superiors or the D.C. Circuit before agreeing to vacate or dismiss the §1512(c)(2) charges.

Speed submits that his case clearly requires immediate vacating and dismissal of Speed's §1512 conviction.

## Background

Appellant Hatchet Speed was convicted in the District of D.C., Judge McFadden presiding, of five (5) criminal counts relating to events at the U.S. Capitol on January 6, 2021. All but one count were misdemeanors.

Mr. Speed is currently incarcerated at the U.S. prison at Fort Dix FCI in New Jersey. According to the Bureau of Prisons Inmate Locator website, Mr. Speed has a release date of November 22, 2028. However, counsel believes Mr. Speed is eligible for substantial good time, educational, rehabilitative, and First Step Act credits, such that his true likely release date (even if all convictions are upheld on appeal, and even without the Fischer decision) may realistically be in 2025 or 2026.

Significantly, however, Mr. Speed's 7-year prison sentence is divided between two cases. Speed was sentenced to 48 months incarceration in this (Jan. 6) case in the District of D.C. And Speed

is also serving a separate 36-month sentence for possessing three unregistered firearm silencers in the Eastern District of Virginia.

Speed has served approximately one and one-half years in federal custody.

Speed has very strong pending appeals in the 4th Circuit. Speed's appeal in the U.S. Fourth Circuit involves the question of whether the three objects in question were even firearm silencers in any true sense. All three devices were unaltered metal gun-cleaning containers which would have required actual drilling and other modifications to become functional silencers. And all three containers were available over the counter at gun stores and online for anyone to purchase without registration.

Speed's appeal of his silencer possession convictions in the E.D.V.A. involve issues of first impression, and questions of law which are novel. Speed has a realistic chance of winning his Fourth Circuit appeal, and thus having his 36-month sentence overturned. Speed's opening brief has been filed; along with the government's response brief.

**Speed's D.C. §1512 case was largely parallel to the consolidated cases decided by the Supreme Court in the *Fischer* case.**

With regard to Speed's D.C. §1512 conviction, Speed's issues involve the identical questions which were on review by the Supreme Court in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023).  Speed was convicted of four misdemeanors, plus the serious felony conviction for Obstructing an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2).  Speed's 48-month sentence is almost wholly attributable to the 1512 conviction.

The Statement of the Offense filed by the United States was silent about any act involving records, documents, objects, or other things used in an official proceeding.  And nothing presented at trial in Speed's case involved records, documents, objects or other such things.

On June 28, 2024, the Supreme Court ruled that section 1512(c)(2) is violated only when the government proves "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024).

**Applicable Law.**

Section 2255 of Title 28, U.S. Code, authorizes a "prisoner in custody under sentence of a" federal district court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate." *Id.* at (b).

**The Supreme Court's Fischer decision requires overturning, vacating, and setting aside of Speed's conviction.**

On June 28, 2024, the Supreme Court held that a violation of that statute requires proof "that the defendant impaired the availability or integrity for use in an official proceeding of *records, documents, objects, or . . . other things used in the proceeding*, or attempted to do so." *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (2024). At the time of Mr. Speed's trial and sentence, this Court and most other judges had rejected this interpretation of the statute. No such impairment was charged in the indictment, mentioned in the criminal complaint, or

established by Mr. Speed's statement of offense or trial. Accordingly, his conviction lacks any basis in fact and must be vacated.

The Court should set side Mr. Speed's sentence and discharge him from his prison sentence in this case. In *Davis v. United States,* 417 U.S. 333 (1974), the Supreme Court held that an interpretation of law rendering a conviction invalid is a proper basis for relief under section 2255. In *Davis*, the petitioner contended that an appellate court's interpretation of the law made after his conviction showed "that he could not lawfully be convicted." 417 U.S. at 346. Recognizing that, if correct, the Court observed that "Davis' conviction and punishment are for an act that the law does not make criminal." *Id.* Consequently, "[t]here can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral relief under § 2255."

Mr. Speed is actually innocent of violating section 1512(c)(2) as the Supreme Court interpreted the status in *Fischer*. *See Bousley v. United States,* 523 U.S. 614, 622 (1998)(recognizing actual innocence as a basis for relief under section 2255). The government put forward in its complaint, its trial evidence, its sentencing memorandum, and factual statement the worst evidence of Mr. Speed's conduct on January 6, including all his words and actions. None of those word or actions show any effort by Mr. Speed, personally or complicity, to "impair[] the

availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding," as required under *Fischer*. Consequently, the Court should vacate his sentence.

### Gunby's jury instructions were unconstitutional in light of Fischer.

Additionally, the jury instructions used in Speed's trial were unconstitutional in light of *Fischer*. Essentially, the Supreme Court added one or more elements which are necessary for any 1512(c)(2) charge. Thus, <u>even if</u> the government had any notion that it could sustain a 1512 case against Speed, another grand jury would need to be formed and Speed would need to be reindicted, recharged, and retried. (And of course there would be double jeopardy problems. . .)

### Conclusion.

For the reasons stated above, Mr. Speed respectfully asks the Court to vacate Mr. Speed's sentence under 28 U.S.C. § 2255.

Date: July 30, 2024                                        Respectfully Submitted,

*/s/ Roger I. Roots*
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (662) 665-1081
Email: rroots@johnpiercelaw.com

*Attorney for Defendant Speed*

## CERTIFICATE OF SERVICE

I, Roger Roots, hereby certify that on this day, July 30, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger Roots*
Roger Roots