UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-244 (TNM) |
| v. | : | |
| | : | |
| HATCHET M. SPEED, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MOTION TO HOLD DEFENDANT'S 28 U.S.C. § 2255 MOTION IN ABEYANCE PENDING DIRECT APPEAL**

Hatchet Speed has appealed the Court's judgment convicting him of violating 18 U.S.C. § 1512(c)(2) and four other statutes. *United States v. Speed,* 23-3078 (D.C. Cir.). After extending his time to file his brief in the D.C. Circuit and then moving to hold it in abeyance, he has now come to this Court to ask it to immediately adjudicate a § 2255 motion challenging his § 1512(c)(2) conviction based on the Supreme Court's ruling *Fischer v. United States*. 144 S. Ct. 2176 (2024). He does not allege ineffective assistance of counsel.

The Court should stay resolution of the defendant's § 2255 motion and hold it in abeyance pending resolution of the appeal in the D.C. Circuit. Allowing the defendant to litigate the same issues in both forums wastes judicial resources and disrupts the orderly administration of criminal law.

The D.C. Circuit has long recognized that, although there is "no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] … the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (footnotes omitted). *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note (noting that "courts have held that [a § 2255] motion is inappropriate if the movant is

simultaneously appealing the decision" and citing *Womack*, 395 F.2d at 631). *Compare United States v. Prows*, 448 F.3d 1223, 1228–29 (10th Cir. 2006) (permitting a government appeal of the defendant's sentence and a defendant's § 2255 motion alleging ineffective assistance of trial counsel to proceed simultaneously because they raised "completely different and non-overlapping issue[s]").

Concerns with judicial economy underlie this general limitation on permitting a party to litigate in two forums at once. Resolution of the issue on "direct appeal may render the collateral attack unnecessary." *Womack*, 395 F.2d at 631. And limiting litigation of the issue to a single forum avoids the risk of the appellate ruling either mooting or being inconsistent with the district court's order. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) ("Any concern over such a practice [of proceeding on direct appeal and § 2255 simultaneously] is one of judicial economy and the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981) (the filing of a direct appeal "severely restricts the filing of a collateral claim with the District Court[] to avoid any anomaly associated with the simultaneous consideration of the same case by two courts").

Here, the defendant's § 2255 motion attacks his § 1512(c)(2) conviction, which he concedes he is "presently appealing." ECF 81 at 2. Because resolution of the appeal directly implicates issues contained in the § 2255 motion, this Court should exercise its discretion to stay the § 2255 motion. *See e.g.*, *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (recognizing that a district court has discretion to stay the § 2255 motion pending appeal where the issues overlap). Nothing in the defendant's § 2255 motion establishes extraordinary circumstances that would warrant permitting him to litigate the same issue(s) simultaneously in two forums. Nor is there anything to suggest that a stay of the § 2255 motion during the pendency

of the appeal would result in unfairness. *Cf. United States v. Tindle*, 522 F.2d 689, 693 n. 10 (D.C. Cir. 1975) (noting that the "extraordinary circumstances" requirement is not immutable and "should not be uncompromisingly applied to effect an unfair result").

Speed is serving a three-year sentence on another conviction, *see United States v. Speed,* 22-cr-165 (E.D. Va), and was also convicted of four misdemeanors in this case and sentenced to a consecutive term of imprisonment. Speed's appeal will no longer be held in abeyance as of August 28, 2024, and bail pending appeal (or pending adjudication of a habeas claim) is already available as a remedy to address concerns about a defendant's ongoing incarceration while a challenge to a conviction is pending. This case is unlike *Tindle,* where the Circuit permitted consideration of a § 2255 motion based on ineffective assistance of counsel because the *Womack*'s general rule against simultaneous proceedings conflicted with other Circuit precedent providing that ineffective assistance of counsel claims should be raised in district court even if a direct appeal is pending. 522 F.2d at 689. Here, the § 2255 motion is not based on ineffective assistance of counsel; it is a straight claim as to the merits of the defendant's conviction after *Fischer*. There are no extraordinary circumstances here.

Accordingly, this Court should stay the defendant's § 2255 motion and hold it in abeyance pending resolution of his direct appeal.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:  /s/*Alexis J. Loeb*
        Alexis Loeb, CA Bar No. 269895 (Detailed)
        Kyle M. McWaters, D.C. Bar No. 241625
        Tighe Beach, CO Bar No. 55328
        Assistant United States Attorneys
        601 D Street NW
        Phone: (202) 252-6983
        Email: alexis.loeb@usdoj.gov