UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. 22-cr-244 (TNM) |
| v. | : |
| | : |
| HATCHET M. SPEED, | : |
| | : |
| Defendant. | : |

**SPEED'S RESPONSE AND OPPOSITION TO UNITED STATES' MOTION TO HOLD DEFENDANT'S 28 U.S.C. § 2255 MOTION IN ABEYANCE PENDING DIRECT APPEAL.**

COMES NOW the defendant, Hatchet Speed, by and through undersigned counsel, with this Response and Opposition to the government's preposterous motion to hold Speed's §2255 motion "in abeyance" (likely for over a year) while Speed litigates his appeal before the D.C. Circuit Court of Appeals.

This is gaslighting in its worst form. On average, a federal criminal appeal takes at least a year from filing to resolution. Mr. Speed is presently incarcerated at Fort Dix FCI in New Jersey, serving a 48-month sentence for the §1512(c)(2) conviction in this case, concurrently with misdemeanor sentences of 12 months. Speed has already served some 19 months of prison time as of the time of this filing. In other words, Speed has already served more than the misdemeanor sentences in this case.

The Supreme Court's recent decision in <u>*Fischer v. United States* requires vacating and dismissal</u> of Speed's §1512(c)(2) conviction and sentence.  Nothing in the evidence in Speed's case, or the jury (or legal) instructions, can sustain Speed's conviction in the face of *Fischer*'s clear and explicit ruling. Speed's conduct on January 6 plainly did not qualify as a 1512 violation under the Supreme Court's construction of the §1512(c)(2) statute.

Speed will continue to appeal his misdemeanor convictions and the misdemeanor sentences in this case.  But Speed has already served his misdemeanor prison sentences. And pursuant to the Supreme Court's *Fischer* ruling, Speed is entitled to appeal the misdemeanors and not relitigate the §1512 conviction—which the *Fischer* case has already decided and resolved.  It would be an utter waste of judicial resources to force Speed to relitigate the §1512 arguments which are already *res judicata*.

The only matter which complicates Speed's situation is Speed's separate, independent conviction in the U.S. District Court for the Eastern District of Virginia for "possession of [three] unregistered firearm silencers."  Speed was sentenced to 36 months imprisonment in that case, consecutive to the sentences in this case.

The three "firearm silencers" were actually gun-cleaning drip containers, sold over the counter.  A purchaser would need to drill, fabricate, and modify the solvent containers extensively to transform the containers into firearm silencers.  Speed is currently appealing his silencer convictions in the U.S. 4th Circuit, where he expects his convictions to be overturned.  Never before has any person been convicted in a silencer possession case under similar circumstances.

At present, Speed's 4th Circuit appeal is in abeyance due to the Fourth Circuit's consideration of separate Second Amendment appeals by other parties (*Maryland Shall Issue, Inc. v. Wes Moore*, No. 21-1017, *United States v. Price*, No. 22-4609, and *Dominic Bianchi v. Anthony Brown*, No. 21-1255).

It is conceivably possible that Speed could be released any day from his E.D.V.A. sentence, if that separate, independent, Second Amendment case is decided in Speed's favor. Speed is also entitled to various good-time credits and credits off his sentence under the First Step Act.  Even if Speed's silencer case were upheld by the Fourth Circuit, Speed is likely to fully serve his entire sentence while Speed's misdemeanor appeal in this case is pending.

Thus, requiring Speed to sit in federal prison while he litigates his four misdemeanors in this case could (and would) constitute an utter injustice.

For these reasons, Speed requests this District Court to vacate and dismiss his §1512 conviction and sentence, and that this District Court **not** hold Speed's motion in abeyance for as much as another year or more while Speed appeals his misdemeanor issues.

Date: Aug. 10, 2024                                    Respectfully Submitted,

*/s/ Roger I. Roots*
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (775) 764-9347
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Roger I. Roots, hereby certify that on this day, Aug. 10, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger I. Roots*