UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 22-cr-244 (TNM) |
| v. : | |
| : | |
| HATCHET M. SPEED, : | |
| : | |
| Defendant. : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO HOLD DEFENDANT'S 28 U.S.C. § 2255 MOTION IN ABEYANCE PENDING DIRECT APPEAL**

"Section 2255 is not a substitute for a direct appeal." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992). Habeas relief is supposed to be an "extraordinary remedy." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); *see also United States v. Addonizio*, 442 U.S. 178, 185 n. 11 (1979) (stating that the "reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice" and include that the "increased volume of judicial work associated with the processing of collateral attacks inevitably impairs and delays the orderly administration of justice").

Defendant overlooks these fundamental principles and seeks to open a second front of litigation while his D.C. Circuit appeal is pending. He does so absent any showing of extraordinary circumstances. Reviewing Speed's conviction is not supposed to be a race between the D.C. Circuit and this Court.

And litigating defendant's Section 2255 motion now would create procedural issues that would more likely prejudice the defendant than the government. Because he has not so much as filed his opening brief in the D.C. Circuit before turning to this Court, Speed's claims would be procedurally defaulted, requiring him to show both cause and prejudice (which he cannot) or meet the higher burden of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

And the ban on successive habeas petitions would not allow him to try his chances now and then refile once the D.C. Circuit decides his appeal. *See* 28 U.S.C. § 2255(h). These procedural rules, again, reflect a preference for the orderly administration of justice, where the direct appeal is settled first, and then, if necessary, a defendant has an opportunity to avail himself of the limited relief available under Section 2255.

Defendant's opposition principally expresses concern about the length of time remaining on his sentence while he litigates his various appeals. Congress has created a statutory regime to address concerns about the length of time that a defendant's appeal may be pending. And the remedy for which Congress has provided is bail pending appeal, not premature and duplicative Section 2255 litigation. *See* 18 U.S.C. § 3143(b).[1] Where the law provides another remedy, the defendant's circumstances are not "extraordinary," and the Court should not consider the Section 2255 motion while Speed's direct appeal is pending. *Womack*, 395 F.2d at 631.

Accordingly, this Court should stay the defendant's § 2255 motion and hold it in abeyance pending resolution of his direct appeal.

---

[1] Should Speed file a motion for bail pending appeal, the government reserves the right to respond under the legal framework applicable to such a request.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:  /s/*Alexis J. Loeb*
        Alexis Loeb, CA Bar No. 269895 (Detailed)
        Kyle M. McWaters, D.C. Bar No. 241625
        Tighe Beach, CO Bar No. 55328
        Assistant United States Attorneys
        601 D Street NW
        Phone: (202) 252-6983
        Email: alexis.loeb@usdoj.gov