## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**HATCHET SPEED,**<br><br>Defendant. | Case No. 1:22-cr-00244-1 (TNM) |

### ORDER

In March 2023, the Court convicted Defendant Hatchet Speed of one count of Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2) and four other counts. Speed appealed. *United States v. Speed*, 23-3078 (D.C. Cir.). But with his appeal still pending, Speed filed a motion in this Court to vacate his conviction under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024). The Government then moved to hold Speed's § 2255 motion in abeyance while the D.C. Circuit resolves his appeal. The Court will grant the Government's motion.

Typically, a § 2255 motion "is not a substitute for a direct appeal." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992). Although the Court is not jurisdictionally barred from "entertaining a Section 2255 motion during the pendency of a direct appeal . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam).

Speed has not shown extraordinary circumstances. His only argument against holding his § 2255 motion in abeyance is that waiting for a determination on his direct appeal may lead him to serve more time than he owes. *See* Def.'s Opp'n to Mot. to Hold in Abeyance (Opp'n), ECF No. 83. But Speed is now serving a three-year sentence for possession of an unregistered firearm

in the Eastern District of Virginia and is not due to be released on that conviction until 2026. *See United States v. Speed*, 22-cr-165 (E.D. Va). So at this point there is no risk that the resolution of Speed's direct appeal will delay his release.[1]

Meanwhile, judicial economy does not favor entertaining Speed's collateral attack. For one, the Circuit's "determination of [his] direct appeal may render collateral attack unnecessary." *Womack*, 395 F.2d at 631; *see also United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (expressing "concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"). Even more, by litigating the § 2255 motion now, Speed risks procedurally defaulting his claims because he has not fully litigated them on direct review. So to raise those claims in habeas, he would need to meet the high bar of showing cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

For these reasons, Speed has not shown extraordinary circumstances that would justify a collateral attack while his direct appeal is pending. It is hereby

**ORDERED** that the Government's [82] Motion to Hold in Abeyance is GRANTED. The Clerk of Court shall hold Defendant's [81] Motion to Vacate in abeyance pending the resolution of his direct appeal.

**SO ORDERED**.

Dated: August 26, 2024                                             TREVOR N. McFADDEN, U.S.D.J.

---

[1] Speed notes that he is also appealing his Eastern District of Virginia conviction. Opp'n at 2–3. If he is successful so that he is only incarcerated based on this Court's conviction, Speed may refile his petition or seek bail pending appeal here. *See* 18 U.S.C. § 3143(b).